Lance **MUSSELMAN**, an engine oiler and a single man; Bob Newmon, an engine oiler and a single man, Plaintiffs–Appellants,

v.

Mark **NITCHMAN**, Director of Maintenance of Washington State Ferries; Ben Broxon, Staff Chief of Washington State Ferries; Carl Allen, Defendants–Appellees.

No. 06–35009.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Nov. 2, 2007.

Shawn G. Hart, Seattle, WA, for Plaintiff–Appellants.

Catherine Hendricks, Esq., Clayton G. Ramsey, Esq., Office of the Washington Attorney General, Seattle, WA, for Defendant–Appellees.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM *

Appellant Lance Musselman was terminated and appellant Bob Newmon was disciplined. They were engine room oilers for the Washington State Ferries ("WSF") at the time of these events. They allege they suffered these adverse actions for speaking out against WSF managers who were paid in addition to their regular salaries to undertake an allegedly wasteful special project. They brought suit in district court against appellees WSF managers Mark Nitchman, Carl Allen, and Ben Broxon.[1] We do not recite the facts as they are well-known to the parties.

The district court dismissed seventeen of appellants' claims by summary judgment. Three more claims were dismissed by judgment as a matter of law after the conclusion of appellants' case. Three of appellants' claims, all for violations of free speech rights, were decided in appellees' favor by jury verdict.

Appellants challenge the dismissal of four claims by summary judgment: Musselman's First Amendment claim against Allen; Musselman and Newmon's Fourteenth Amendment claim against Nitchman; Newmon's outrage claim against Broxon brought under Washington tort law; and Newmon's retaliation claim against Broxon brought under Washington Law Against Discrimination (WLAD), R.C.W. Chapter 49.60. Appellants also challenge the dismissal of two claims by judgment as a matter of law: Musselman's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. WSF CEO Michael Thorne was also a defendant but all claims against him were dismissed and not appealed.

retaliation claim against Allen brought under WLAD and Musselman's wrongful discharge in violation of public policy claim against Nitchman. Appellants further challenge an evidentiary ruling by the district court and the district court's denial of their motion for a new trial. They also request attorneys' fees.

■ Appellees present a threshold motion to strike a substantial portion of the Brief of Appellant which we grant because the challenged portions of the Statement of Facts rely on portions of the record previously held inadmissible by the district court and unchallenged by appellants in this court.

■ We reverse and remand for further consideration the district court's grant of summary judgment on Newmon's claim against Broxon for outrage. The district court did not reach the question of the level of outrageousness of Broxon's conduct. The district court, applying the standard set forth by the state intermediate court of appeals in *Haubry v. Snow*, 106 Wash.App. 666, 31 P.3d 1186 (2001), concluded that Newmon's claim was foreclosed because he had not provided sufficient objective medical evidence of his emotional distress. The Washington Supreme Court subsequently clarified that objective medical evidence of emotional distress is not required to establish a cause of action for outrageous conduct. *See Kloepfel v. Bokor*, 149 Wash.2d 192, 66 P.3d 630, 633 (2003). Under Washington law, the question whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if reasonable minds could differ on whether the conduct is sufficiently extreme to result in liability. *Grimsby v. Samson*, 85 Wash.2d 52, 530 P.2d 291, 295–6 (1975) (adopting *Restatement Second of Torts* § 46 (1965)).

When considering whether reasonable minds could differ on whether Broxon's conduct was sufficiently extreme, among other things the district court must take into account that Broxon was Newmon's supervisor, that he allegedly exposed Newmon to noise for time periods violating Washington State Department of Labor & Industry Standards, and that Broxon allegedly secluded Newmon alone in a tool room and threatened him that were he to speak against special projects "things can happen to people, things can happen to their family, and their house can burn down, because it is easy to find out where someone lives."

We affirm the dismissal by summary judgment of Musselman's First Amendment claim against Allen; Musselman and Newmon's Fourteenth Amendment claim against Nitchman; and Newmon's retaliation claim against Broxon because appellants fail to present admissible evidence to support their claims. We also affirm the dismissal by judgment as a matter of law of Musselman's retaliation claim against Allen and Musselman's wrongful discharge claim against Nitchman because Musselman fails to present admissible evidence to support his claims. We do not reach the issue of whether the district court abused its discretion in admitting Exhibits 141 and 142.[2] Therefore we deny appellants' request for a new trial based on Federal Rule of Civil Procedure 60(b)(3). We also deny appellants' request for fees. Each party except Newmon shall bear his or its own costs. Newmon shall have costs to be born by appellees. Thus the district court's decision is:

**2.** In light of the overwhelming other evidence of Musselman's conduct that would warrant his dismissal, the admission of the challenged exhibits was harmless.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN PART.**